*E-filed 7/6/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHUCK BROWNING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>YAHOO! INC., CONSUMERINFO.COM, INC., and EXPERIAN NORTH AMERICA, INC.,<br><br>　　　　Defendants.<br>_____/ | Case No. C04-01463 HRL<br><br>**SECOND INTERIM ORDER ON JOINT MOTION FOR CERTIFICATION OF TENTATIVE SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, ETC.**<br><br>**Re Docket No. 103** |

On May 8, 2006 the court held a preliminary approval hearing on the parties' Joint Motion for Certification of Tentative Settlement Class, Preliminary Approval of Proposed Settlement, Approval and Direction of the Notice Plan, Appointment of Class Counsel, and Appointment of Settlement Administrator. At the hearing, several nonparties who assert that a settlement of this case might adversely affect their litigation pending elsewhere also appeared and were allowed to address the court.[1] The court took the Joint Motion under submission.

Thereafter, the court issued an Interim Order on the Joint Motion which described several areas of the proposed settlement that were troublesome, particularly the class definition and the scope of the release. It invited the parties to respond to its questions and concerns.

---

[1] Some of those non-parties, plaintiffs in a case pending in the Central District of California titled <u>Millett v. Experian Information Systems, Inc.</u>, seek intervention in this matter. Their motion has now been heard and is under submission.

1   The parties did respond, filing a Joint Memorandum in Response to Interim Order, which addressed the court's questions and, in the key area of the release, proposed new language. For present purposes, with one exception, the court is satisfied with the response it received. The exception is the language of the release.

In pertinent part, the new language releases claims based on:

> (1) any Released Party's violation of the federal Credit Repair Organizations Act; or (2) any Released Party's selling, providing or performing (or representing that such person can or will sell, provide, or perform) the service of improving a consumer's credit record, history, or rating, as well as any claim based on the same service, including the service of providing advice or assistance with regard to improving any consumer's credit record, history, or rating.

The new language is described as "based on" (but not a wholesale adoption of) language the court had suggested in its Interim Order, footnote 7.[2] While it might seem incongruous to find fault with language inspired by its own suggestion, this new language still troubles the court. The scope of the release remains problematic.[3]

The problem is the phrase "as well as any claim based on the same service." There are at least two plausible interpretations. First, the release might apply to claims for improving a consumers' credit record, history, or rating regardless of the legal basis for the claim (i.e., breach of contract, common law fraud, or some other statute or regulation addressing the same subject). If this were the only interpretation, the court likely would be satisfied. However, there is a second interpretation if one were to assume that the "service" in question might be (or be claimed to be) multi-purpose. That is, suppose the service purports to do more than improving credit history, record, or rating? This is the possibility addressed by the court on page 5, lines 7 - 13, in its Interim Order. If the service offers something other than credit

---

[2] The court suggested "a release that covered: liability from a statute or regulation regulating the service of improving a consumer's credit record, history, or rating, as well as legal or equitable claims based on the same service, including the service of providing advice or assistance with regard to improving credit record, history, or rating."

[3] The same language is used in the section of the Terms of Release that concerns defendants' "Marketing Partners or Affiliates."

2

improvement, is that other something also released? In most instances, this court anticipates that the answer should be no.

This is not merely a hypothetical concern. The proposed class definition in this case includes purchasers of a credit monitoring product called Credit Manager. According to Browning's claim, this product purports to offers credit improvement. Two of the defendants in this case also sold Credit Manager to the Millet plaintiffs, who allege in their case that Credit Manager offered a host of "services," including protection against fraud and identity theft. To the extent that Credit Manager involves improving credit record, history, or rating, those claims should, in the court's mind, be released. To the extent, however, that Credit Manager promised but did not deliver protection "against fraud and identity theft" in violation of California consumer protection law and in breach of contract (as the Millet plaintiffs allege), those claims should not be released.[4]

With hesitation, the court offers this for consideration:

(1) Any Released Party's violation of the federal Credit Repair Organizations Act; or

(2) Any Released Party's selling, providing or performing (or representing that such person can or will sell, provide, or perform) the service of improving a consumer's credit record, history, or rating (including the service of providing advice or assistance with respect to improving any consumer's credit record, history, or rating), where the express thrust of the claim is about improvement of a consumer's credit record, history, or rating.

///
///
///
///

---

[4] Although protection against fraud and identity theft is the heart of the Millet Third Amended Complaint, a laundry list of other features of Credit Manager also appears in it. Some of these other features might by implication relate to improving credit history, record, or rating, e.g., representations that Credit Manager would provide the purchaser "access [to] the sources of credit information errors," "quick resolution of disputes and errors without third party involvement," and the opportunity to "work with Experian to correct errors quickly." However, while the Millett plaintiffs say "all or some of the services identified" were not provided, the only one they specifically target is protection against fraud and identity theft. Although this court expects that the Milletts' claims based on fraud and identity theft protection services would not be released by the Browning settlement, it expresses no opinion about any other Millett allegations.

3

The parties are requested to respond by July 21, 2006.

**IT IS SO ORDERED.**

Dated:  7/6/06                                                       /s/ Howard R. Lloyd
                                                                           HOWARD R. LLOYD
                                                                           UNITED STATES MAGISTRATE JUDGE

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

Marc Kirby Callahan mkcallahan@jonesday.com

Marc Stephen Carlson mscarlson@jonesday.com, tmmead@jonesday.com

Hanley Chew hanley.chew@usdoj.gov, hanleychew@hotmail.com

Bryson Reid Cloon bryson@cloonlaw.com, april@cloonlaw.com; jeaontheroad@hotmail.com

Jerome R. Doak jrdoak@jonesday.com, cecox@jonesday.com

John W. Edwards jwedwards@jonesday.com,

Gordon John Finwall Gordon@Finwalllaw.com, finwall@sbcglobal.net

Richard Joseph Grabowski rgrabowski@jonesday.com,

Peter A. Grammas pgrammas@lowegrammas.com,

Clay Lowe clowe@lowegrammas.com

David Clark Zucker zuckerlaw@sbcglobal.net, dkzucker@sbcglobal.net

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

A courtesy copy will be mailed to:

Michael W. Blanton
Swanson Midgley LLC
Suite 400
2420 Pershing Rd
Kansas City, MO 64108


Dated:  7/6/06                                         /s/   JMM
                                       Chambers of Magistrate Judge Howard R. Lloyd